IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| BENJAMIN WILLIS HARROLD JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 1:25-CV-57 (LAG) |
| | : |
| ALBANY STATE UNIVERSITY, and | : |
| UNIVERSITY SYSTEM OF GEORGIA, | : |
| | : |
| Defendants. | : |
| | : |

**ORDER**

Before the Court is Defendants Albany State University and the University System of Georgia's Partial Motion to Dismiss. (Doc. 6). For the reasons below, Defendants' Motion is **GRANTED**.

**BACKGROUND**

This action arises out of the alleged unlawful termination of Plaintiff Benjamin Willis Harrold, Jr. (Doc. 1).[1] Plaintiff, a black homosexual man, worked at Albany State University as a career development coordinator from April 3, 2023 until his termination on October 2, 2023. (*Id.* at 7). Plaintiff alleges that he worked "under a director by the name of Dr. Julie Francis-Pettway, who[] hated all [of his] 'protected characteristics[.]'" (*Id.*). Plaintiff, who was 40 years old at the time of his termination, alleges that he was harassed, reassigned job duties, and terminated because of his age. (*See id.* at 7–9). Plaintiff further alleges that he was terminated after he "voiced [his] concerns of bad leadership through text messages" and "request[ed] to meet with the vice-president of the university to express [his] concerns of workplace mistreatment through text messages." (*Id.* at 8). Plaintiff alleges that Dr. Francis-Pettway made demeaning comments about him and asserts that

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in Plaintiff's Complaint (Doc. 1) as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Anderson v. Wilco Life Ins.*, 17 F.4th 1339, 1344 (11th Cir. 2021) (citation omitted).

Albany State University "favors hiring female workers over male workers." (*Id.* at 8–9). Plaintiff represents that he filed a charge with the Equal Employment Opportunity Commission on November 17, 2023 and that he received a Notice of Right to Sue Letter on September 16, 2024. (*Id.* at 5).

On December 13, 2024, Plaintiff filed this *pro se* Complaint. (Doc. 1). Therein, Plaintiff brings claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (Title VII), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (ADEA), 42 U.S.C. § 1981, and Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et seq*. (Title IX). (*Id.* at 3). Plaintiff's Complaint contains six counts: Age Discrimination (Count 1), Retaliation Discrimination (Count 2), Harassment (Bullying) Discrimination (Count 3), Race Discrimination (Count 4), Sex Discrimination (Count 5), and Sexual Orientation Discrimination (Count 6). (*Id.* at 7–9). Plaintiff seeks monetary damages, compensatory damages, punitive damages, liquidated damages, declaratory relief, injunctive relief, and attorney's fees. (*Id.* at 9). On February 13, 2025, Defendants filed a Partial Motion to Dismiss. (Doc. 6). Plaintiff responded on February 26, 2025, and Defendants replied on March 12, 2025. (Docs. 9, 10). The Motion to Dismiss is ripe for review. *See* M.D. Ga. L.R. 7.3.1(A).

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court "take[s] the factual allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiffs[,]" but is "not required to accept the legal conclusions in the complaint as true." *Anderson*, 17 F.4th at 1344–45 (citations omitted). "[A] plaintiff armed with nothing more than

conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to survive a motion to dismiss. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted). This leniency does not, however, permit courts to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

## DISCUSSION

Defendants move to dismiss Defendant Albany State University (ASU) as a party to this action "because it is not a legal entity capable of being sued." (Doc. 6 at 2). Defendants also argue that Plaintiff's ADEA claim is subject to dismissal because it is "barred by Eleventh Amendment immunity[,]" that Plaintiff's "Title IX claim must be dismissed because Title IX does not provide an implied right of action for sex discrimination in employment[,]" and that Plaintiff's "Title VII retaliation claim should be dismissed because [Plaintiff] fails to allege that he engaged in protected activity." (*Id.*).

**I.  Defendant Albany State University**

Defendants argue that Defendant ASU should be dismissed as a party to this action because it is not a legal entity capable of being sued and Defendant ASU "exists and operates solely as a unit of the Board of Regents [of the University System of Georgia]." (Doc. 6 at 3–4). In response, Plaintiff "do[es] not object to [Defendants'] request for dismissal of [Defendant ASU] as a named party[.]" (Doc. 9 at 2). Accordingly, Defendant ASU is dismissed as a party to this action.

**II.  ADEA**

Defendants next argue that Plaintiff's "ADEA claim should be dismissed because it is barred by Eleventh Amendment immunity." (Doc. 6 at 4). The Eleventh Amendment prohibits suits against a state by its own "private citizen[s]" in federal court. *Nat'l Ass'n of the Deaf v. Florida*, 980 F.3d 763, 770 (11th Cir. 2020) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). The Board of Regents of the University System of Georgia is an

3

agency of the State of Georgia. *Monroe v. Fort Valley State Univ.*, 93 F.4th 1269, 1278–79 (11th Cir. 2024). Accordingly, it is entitled to the same immunity as the State itself. *Id.* Although Congress can abrogate sovereign immunity, Congress has not abrogated Eleventh Amendment immunity in ADEA cases. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) (holding that the ADEA did not validly abrogate Eleventh Amendment immunity). Moreover, Georgia has not waived its sovereign immunity under the Eleventh Amendment with regard to the ADEA. *See* O.C.G.A. § 50-21-23(b); *Clarke v. McMurry*, 763 F. App'x 899, 900 (11th Cir. 2019) (per curiam). Thus, Plaintiff's claim is barred by the Eleventh Amendment. *See Stephens v. Georgia Dep't of Transp.*, 134 F. App'x 320, 324 (11th Cir. 2005) (per curiam) (dismissing ADEA claim against state agency on the basis of Eleventh Amendment immunity).

### III.   Title IX

Defendants argue that Plaintiff's "Title IX claims should be dismissed because Title IX does not provide an implied right of action for sex discrimination in employment." (Doc. 6 at 5–6). Title IX provides that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681. While Title IX has been interpreted "to [not] exclude employees from [its] administrative coverage[,]" the Eleventh Circuit has held that "Title IX does not create an implied right of action for sex discrimination in employment." *Joseph v. Bd. of Regents of the Univ. Sys. of Georgia*, 121 F.4th 855, 868–69 (11th Cir. 2024) (citation omitted). Accordingly, Plaintiff cannot maintain a claim of sex discrimination in employment under Title IX.

### IV.   Title VII Retaliation Claim

Defendants argue that Plaintiff's "Title VII retaliation claim should be dismissed because he does not allege that he engaged in protected activity." (Doc. 6 at 6). Plaintiff argues that he engaged in protected activity when he "reached out to a superior on campus about 'concerns' [he was] having with [his] supervisor, Dr. Julie Francis-Pettway." (Doc. 9 at 5). Title VII prohibits retaliation against an employee "because [he] has opposed any

4

practice made an unlawful employment practice by [Title VII], or because [he] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [thereunder].'" *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (second alteration in original) (quoting 42 U.S.C. § 2000e-3(a)). To state a retaliation claim under Title VII, Plaintiff must allege that (1) he engaged in statutorily protected activity, (2) he suffered a materially adverse employment action, and (3) a causal relationship between the two events exists. *Trimble v. Fort Valley State Univ.*, No. 22-13278, 2024 WL 1266184, at *6 (11th Cir. Mar. 26, 2024) (per curiam) (citation omitted).

Plaintiff has not alleged facts which establish that he engaged in statutorily protected activity because he has not alleged that he opposed any practice made unlawful under Title VII. In his Complaint, Plaintiff alleges that he engaged in protected activity when he "voiced [his] concerns of bad leadership through text messages" and "request[ed] to meet with the vice-president of the university to express [his] concerns of workplace mistreatment through text messages." (Doc. 1 at 8). Complaints about "bad leadership" and "mistreatment" do not qualify as statutorily protected activity as Plaintiff's complaints make no reference to discrimination. *See Birdyshaw v. Dillard's Inc.*, 308 F. App'x 431, 436–37 (11th Cir. 2009) (per curiam) (holding that complaints of "harsh treatment" do not qualify as protected activity). The Eleventh Circuit has held that an "employee's internal grievance '[does] not constitute statutorily protected activity' because '[u]nfair treatment, absent discrimination based on race, sex, or national origin, is *not* an unlawful employment practice under Title VII.'" *Id.* (second alteration in original) (quoting *Coutu v. Martin Cnty. Bd. of Cnty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995) (per curiam)).

While Plaintiff concedes that he did not voice concerns of discrimination to his superiors via text in his response, he asserts that he "would have definitely done so if [he] had a chance to meet with [the vice president.]" (Doc. 9 at 6). This argument does not save his claim. That Plaintiff intended to complain of discrimination does not establish that he engaged in statutorily protected activity or that any of Defendants' actions were in retaliation. Plaintiff has not alleged in his Complaint that "he ever complained to his supervisors . . . about conduct that potentially violated Title VII, or more specifically, that

5

he complained about discrimination based on his" race, sex, or sexual orientation. *Trimble*, 2024 WL 1266184, at *7. Thus, Plaintiff's allegations are insufficient to state a claim of retaliation under Title VII.

## CONCLUSION

Accordingly, Defendants' Partial Motion to Dismiss (Doc. 6) is **GRANTED**. Plaintiff's claims against Defendant ASU, his claims under the ADEA, his claims under Title IX, and his retaliation claim under Title VII are **DISMISSED without prejudice**. Plaintiff may proceed only with his discrimination claims under Title VII and 42 U.S.C. § 1981 against Defendant Board of Regents of the University System of Georgia.

**SO ORDERED**, this 7th day of August, 2025.

<u>/s/ Leslie A. Gardner</u>
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**